***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing party has shown good grounds to reconsider the evidence and having reviewed the competent evidence of record, the Full Commission hereby modifies the Opinion and Award of the Deputy Commissioner as follows.
 ***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. The employer-employee relationship existed between plaintiff and defendant Gartavel Construction, Inc., on December 13, 2000.
2. On December 13, 2000 defendant Gartavel Construction, Inc. regularly employed three or more employees.
3. On December 13, 2000, the plaintiff was performing his regular work duties for the defendant Gartavel Construction, Inc., under a subcontract between Gartavel Construction, Inc., and defendant Savenok Construction, Inc.
4. From June 13, 2000 through December 13, 2000, defendant Gartavel Construction, Inc. neglected to have in force and effect workers' compensation coverage for its employees.
5. On December 13, 2000, plaintiff was performing his regular job duties for defendant Gartavel Construction, Inc. when he fell from a scaffold and broke his ankle. The work being performed by plaintiff was pursuant to a subcontract entered into by defendant Gartavel Construction, Inc., and defendant Savenok Construction, Inc.
6. As a result of the December 13, 2000 fall, plaintiff has been unable to earn any wages beginning December 13, 2000, to the date of the deputy commissioner hearing, May 20, 2002, and continuing.
7. Plaintiff has made reasonable efforts to obtain compensation payments from defendant Gartavel Construction, Inc. for the injury he sustained on December 13, 2000.
8. Defendant Savenok Construction, Inc., did not obtain a certificate of insurance from Gartavel Construction, Inc., at the time it subletted the contract to Gartavel Construction, Inc to perform the work that plaintiff was performing when he was injured.
Defendant-carrier State Farm Fire Casualty, as the workers' compensation carrier for Savenok Construction, Inc., has paid workers' compensation benefits for the injury sustained by plaintiff on December 13, 2000.
On December 13, 2000, Savenok Construction, Inc., was insured by State Farm Fire Casualty.
Plaintiff and defendant, Savenok Construction, Inc., stipulated that they believed plaintiff's average weekly wage was $552.00 per week. The deputy commissioner awarded continuing disability benefits based on this amount and no error was assigned by any party to the $552.00 average weekly wage.
 ***********
Based upon the foregoing findings of fact the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On December 13, 2000, plaintiff sustained an injury by accident arising out of and in the course of his employment with the defendant-employer Gartavel Construction, Inc. G.S. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation for the time period beginning December 13, 2000, to the date of the deputy commissioner hearing, May 20, 2002, and continuing. G.S. § 97-29.
3. The immediate employer Gartavel Construction, Inc., is liable for the injuries sustained by the plaintiff on December 13, 2000. Because of the need for ongoing medical care and indemnity payments, plaintiff has adequately exhausted efforts to make Gartavel Construction, Inc., pay for his injuries such that he may seek compensation payments directly from the general contractor Savenok Construction, Inc., and its carrier State Farm Fire Casualty. G.S. § 97-19.
4. Plaintiff is entitled to receive reasonable and necessary medical care for his compensable injuries. G.S. §§ 97-2(19), 97-25, 97-25.1. Savenok Construction, Inc., and State Farm Fire Casualty shall pay for this care until further order of the Commission. G.S. § 97-19.
5. This action is remanded to the deputy commissioner level for a hearing to determine whether there was an agreement that the general contractor, Savenok Construction, Inc., would carry workers' compensation insurance for its subcontractor, Gartavel Construction, Inc., and if not, whether a penalty, and the amount thereof, should be entered against Gartavel Construction, Inc., for failure to have workers' compensation insurance. At this hearing, the deputy commissioner is further permitted to receive evidence concerning the control, or lack of control, over plaintiff's work activities by Savenok Construction, Inc., and whether plaintiff was thereby an employee-in-fact of Savenok Construction, Inc. The deputy commissioner shall also receive evidence and enter an Opinion and Award on the issue of whether the Act allows Savenok Construction, Inc., and State Farm Fire Casualty to be indemnified by Gartavel Construction, Inc., for workers' compensation benefits paid by Savenok Construction, Inc., and State Farm Fire Casualty.
6. Plaintiff shall continue to receive benefits based on a $552.00 average weekly wage, subject to the presentation of evidence concerning plaintiff's correct average weekly wage at the deputy commissioner hearing on remand.
7. The Commission suggests that defendant Gartavel Construction, Inc., consider retaining counsel familiar with the North Carolina Workers' Compensation Act.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following:
 AWARD AND ORDER
1. Defendants Savenok Construction, Inc., and State Farm Fire 
Casualty shall continue to pay temporary total disability compensation to the plaintiff until plaintiff returns to work or further order of the Industrial Commission. These benefits, until further order of the Commission, shall be based on an average weekly wage of $552.00 per week.
2. Defendant-carrier State Farm Fire Casualty shall continue to provide reasonable and necessary medical care until further order of the Commission.
3. This action is REMANDED to a deputy commissioner for taking of additional evidence, and entry of an Opinion and Award on the following issues: (1) whether Savenok Construction, Inc., agreed to provide workers' compensation insurance for employee of Gartavel Construction, Inc.; (2) whether Savenok Construction, Inc., had the right to or in fact exercised sufficient control over the work of plaintiff such that plaintiff was also an employee of Savenok Construction, Inc.; (3) whether the Act allows Savenok Construction, Inc., and State Farm Fire 
Casualty to be indemnified by defendant Gartavel Construction, Inc., for workers' compensation benefits paid to plaintiff; (4) plaintiff's correct average weekly wage; and (5) whether a penalty should be entered against Gartavel Construction, Inc., and if so, the amount therefore, for the failure, if any, to have secured workers' compensation insurance for the protection of its employees.
4. Twenty-five percent of the compensation awarded plaintiff under paragraph 1 of this Award is hereby approved as attorney fees to be paid directly to plaintiff's counsel. The portion of this amount that has accrued shall be paid in a lump sum directly to plaintiff's counsel. Thereafter, every fourth check shall be paid directly to plaintiff's counsel.
The parties shall each pay their respective costs.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER